UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARSHALL ALLEN COATS,<br>Plaintiff,<br>v.<br>TINA ROBINSON, et al.,<br>Defendants. | CASE NO. 3:26-CV-5919-LK-DWC<br>REPORT AND RECOMMENDATION<br>Noting Date: September 8, 2026 |

Plaintiff Marshall Allen Coats, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkt. 1-1. The Court has considered Plaintiff's proposed complaint and concludes Plaintiff has not stated a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Accordingly, the Court recommends this case be dismissed for failure to state a claim and Plaintiff's Application to Proceed *In Forma Pauperis* (IFP) be denied.

## I. Background

In the proposed complaint, Plaintiff, who is incarcerated at the Airway Heights Corrections Center, alleges his rights were violated by Defendants Tina Robinson and William Houser, Kitsap Superior Court judges, and the Kitsap County Superior Court. Dkt. 1-1.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633-34. Further, a § 1983 suit cannot be based on vicarious liability alone, but

must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

A. *Statute of Limitations*

Plaintiff's claims arise from alleged conduct that occurred in 2003, 2011, 2014, 2015, 2022, and 2023. Dkt. 1-1. A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma*

*pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Plaintiff filed this lawsuit on August 7, 2026. Dkt. 1. Therefore, any claim arising prior to August 7, 2023 is barred by the statute of limitations. In the Proposed Complaint, Plaintiff alleges the conduct giving rise to the claims in this case occurred in 2003, 2011, 2014, 2015, 2022, and January 2023. Dkt. 1-1. From the allegations contained in the Proposed Complaint, Plaintiff had actual notice of the underlying facts in this case more than three years prior to filing this lawsuit. *See* Dkt. 1-1; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). As such, this case is untimely. Plaintiff has not shown statutory or equitable tolling is applicable. *See* Dkt. 1. Therefore, the Court finds this case should be dismissed as untimely.

In addition to Plaintiff's claims being untimely, Plaintiff has also failed to state claims upon which relief can be granted.

B. *Judicial Immunity*

Plaintiff raises claims against Judges Robinson and Houser in their roles as judges. Dkt. 1-1. "Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985)(internal citations omitted). "Allegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." *Id.*

Plaintiff's alleges Judges Robinson and Houser, in their capacities as judges, violated Plaintiff's rights when they did not rule in Plaintiff's favor. Dkt. 1-1. Judges Robinson and Houser have absolute judicial immunity from the claims raised in this lawsuit related to their judicial actions. *See Olson v. Idaho State Board of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction). Therefore, the Proposed Complaint fails to state a cognizable claim against Judges Robinson and Houser related to their judicial actions.

C. *Prosecutorial Immunity*

Plaintiff also briefly alleges that Defendant Robinson had a conflict of interest in 2014 when she was prosecuting a case against Plaintiff. Dkt. 1. Plaintiff does not provide allegations that are sufficient to state a claim. Regardless, prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). Defendant Robinson has immunity as a prosecutor; therefore, Plaintiff has failed to state a claim against her related to Plaintiff's 2014 prosecution.

D. *Improper Defendants*

Plaintiff also alleges Defendants Robinson and Houser violated his rights when they represented him during criminal prosecutions. Dkt. 1-1. As stated above, to state a claim for relief under § 1983, Plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A "lawyer representing a client is not, by virtue of

being an officer of the court, a state actor 'under the color of state law' within the meaning of §1983." *Polk Cty. v. Dodson,* 454 U.S. 312, 318 (1981). As Defendants Robinson and Houser were not state actors when they represented him, they cannot be liable under § 1983 for those alleged claims. Therefore, Plaintiff has failed to state a claim against Defendants Robinson and Houser for any alleged claims related to their representation of Plaintiff.

Finally, Plaintiff names Kitsap County Superior Court as a defendant. Dkt. 1-1. The Kitsap County Superior Court is a state agency as it was established by the Washington State Constitution and is funded by the state government. *See* Wash. Const. art. IV, §§ 1, 6; *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds*. The United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that, under the Eleventh Amendment, a nonconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F.Supp. 774, 778 (E.D. Wash. 1982). Because the Kitsap Superior Court is a state agency, it is not subject to suit in this civil rights action.

**III. Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, any attempt by Plaintiff to amend the proposed complaint would be futile. Additional allegations against these

defendants would not cure the deficiencies. As such, the Court finds Plaintiff should not be afforded leave to amend his proposed complaint.

**IV. Conclusion**

For the above stated reasons, the Court finds Plaintiff has failed to state a claim upon which relief can be granted and leave to amend would be futile. Therefore, the Court recommends this case be dismissed and the dismissal count as a "strike" under 28 U.S.C. §1915(g). The Court also recommends Plaintiff's Application to Proceed IFP (Dkt. 4) be denied

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 8, 2026.**

Dated this 17th day of August, 2026.

David W. Christel
United States Magistrate Judge